UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

CLINTON BURROUGHS,
Petitioner,

vs. Case No.: 5:26-cv-186-AW-ZCB

SHERIFF TOMMY FORD,
Respondent.
_____________________________________/

**REPORT AND RECOMMENDATION**

Petitioner has filed a *pro se* petition for habeas corpus under 28 U.S.C. § 2241. (Doc. 1). The petition challenges Petitioner's ongoing state criminal proceedings. As explained below, this case should be dismissed because abstention is warranted under *Younger v. Harris*, 401 U.S. 37 (1971).

## I. Background

Petitioner has a pending criminal case in state court for sexual battery and other offenses. (Doc. 1 at 1-2). *See State v. Burroughs*, Case No. 25000994CFMA (Bay Cnty. Cir. Ct.).[1] Petitioner claims he is being illegally confined based on unlawfully obtained evidence, improperly

---

1 *See* Fed. R. Evid. 201(b)-(c); *Nute v. White*, 152 F.4th 1311, 1316 (11th Cir. 2025) (taking judicial notice of online state court records).

withheld exculpatory evidence, law enforcement bias, and a lack of probable cause. (Doc. 1 at 2-6). Petitioner seeks immediate release from custody. (Doc. 8).

The Court initially reviewed the habeas petition and determined that it appeared *Younger* abstention applied.[2] (Doc. 6). The Court then ordered Petitioner to show cause why his petition should not be dismissed. (*Id.*). Petitioner has responded to the show cause order. (Docs. 7, 8).

## II. Discussion

Dismissal of the habeas petition is warranted because of the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, "a federal court should not interfere with ongoing state criminal proceedings where the state court conviction and/or sentence is

[2] *See* Rule 4, Rules Governing § 2254 Cases (requiring prompt judicial review of a habeas petition and explaining that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner"); *see also* Rule 1(b), Rules Governing § 2254 Cases (stating that a district court "may apply any or all of these rules to a habeas corpus petition" that has not been filed under § 2254); *Jackson v. Georgia*, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal on *Younger* abstention grounds in a case that attempted to challenge an ongoing state criminal prosecution).

not yet final." *Johnson v. Florida*, 32 F.4th 1092, 1099 (11th Cir. 2022). "*Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." *Id.* There are three "narrow exceptions" to *Younger* abstention: "(1) there is evidence of state proceedings motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Id.*

Here, the requirements of *Younger* abstention are met. First, there are state criminal proceedings pending in state court. *See State v. Burroughs*, Case No. 25000994CFMA (Bay Cnty. Cir. Ct.). Second, a state criminal prosecution involves important state interests. *See Boyd v. Georgia*, 512 F. App'x 915, 918 (11th Cir. 2013) (explaining that the state has an important interest in prosecuting criminal offenses). Third, the state proceedings afford Petitioner an adequate opportunity to raise the constitutional issues contained in his habeas petition.

With regard to the third requirement, "what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts[.]" *Johnson*, 32 F.4th at 1101 (cleaned up). Petitioner

claims that he has been unable to vindicate his rights because the state court has ignored his filings. But Petitioner has not shown that he has been procedurally prevented from raising the constitutional claims in state court. Moreover, Petitioner is represented by counsel in the state criminal proceedings.[3] There is simply no reason for the Court to believe that the state court will not afford Petitioner an adequate opportunity to raise the constitutional issues presented in his § 2241 petition. Because the three requirements of *Younger* abstention are met, "abstention is warranted unless [Petitioner] can show that one of the exceptions applies." *Leonard v. Alabama State Bd. of Pharmacy*, 61 F.4th 902, 911 (11th Cir. 2023). He has not done so.

Looking first to the bad faith exception, "bad faith in this context generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Id.* (cleaned up). Here, despite Petitioner's conclusory assertions of bad faith and

[3] Petitioner's dissatisfaction with his attorney (Doc. 7 at 1) is also insufficient to overcome *Younger*. *See Prouty v. Warden, Lee Cnty. Jail*, 2024 WL 5293775, at *1 (M.D. Fla. Dec. 4, 2024) ("Prouty argues the Court should overlook the abstention principle because he is not satisfied with his state-appointed attorney or the responsiveness of the state court. The Court does not find these circumstances sufficient to overcome *Younger*. Nor do they warrant application of a recognized exception to the *Younger* doctrine.").

harassment (Doc. 8 at 2), he has not shown that the state prosecution was brought with no "reasonable expectation" of securing a conviction. Nor do Petitioner's conclusory assertions of false evidence and fraud suffice for *Younger*'s bad faith exception. *See Fiedler v. Stacy*, No. 24-13558, 2025 WL 2650879, at *4 (11th Cir. Sept. 16, 2025) (finding "mere allegations" that "the state trial court ignored evidence, refused to vacate prior rulings, and accepted allegedly fraudulent documentation" "alone do not present a cognizable claim of bad faith prosecution or intentional harassment" to circumvent *Younger* abstention). Thus, Petitioner has not satisfied *Younger*'s bad faith exception. *See Narciso v. Walker*, 811 F. App'x 600, 602-03 (11th Cir. 2020) (noting that "unsupported" and "conclusory allegations do not rise to the level necessary to justify an exception to *Younger* abstention" (cleaned up)).

Moving to the second exception, to show irreparable injury in the context of an ongoing state criminal prosecution, Petitioner must demonstrate that "the danger of irreparable loss is both great and immediate." *Younger*, 401 U.S. at 45. Petitioner has not made such a showing. The fact that Petitioner is in custody and faces prosecution is not an injury sufficient to circumvent *Younger* abstention. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263 & n.7 (11th Cir. 2004) (noting that

"the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution alone do not constitute irreparable injury in the special legal sense of that term" (cleaned up)). Thus, Petitioner has not shown that abstaining will result in Petitioner suffering irreparable injury.

As for the third exception, Petitioner has failed to show that the Florida state courts are an inadequate forum to raise his constitutional challenges. "Adequacy in this context is not about the quality of the state proceedings, but rather about whether the challenge *can be raised* in the pending state proceedings at all." *Leonard*, 61 F.4th at 908 (cleaned up). Put another way, "what matters is whether the plaintiff is *procedurally* prevented from raising his constitutional claims in the state courts[.]" *Id.* at 909 (cleaned up).

Petitioner has pointed to nothing in Florida state law or procedure that would prohibit him from raising in state court the same issues he has raised in his § 2241 petition. Indeed, Florida state courts regularly entertain and adjudicate such issues. And nothing suggests Petitioner cannot appeal to the Florida appellate courts if the state trial courts deny relief. *See Lewis v. Broward Cnty. Sheriff Off.*, No. 20-14603, 2021 WL 5217718, at *2 (11th Cir. Nov. 9, 2021) ("Lewis failed to meet his burden

to show that he lacked an adequate, alternative state forum to raise his constitutional claims because the record demonstrated his state proceedings were ongoing and he had been able to raise other claims to the state court, including his petitions for mandamus and motion to remove his appointed counsel, but failed to challenge the state court's bond decision or file a state habeas petition.").

Lastly, Petitioner's conclusory assertions of double jeopardy and speedy trial issues (Doc. 8 at 2-3) do not justify an exception to *Younger* abstention. As to any speedy trial claims, Petitioner has made no independent showing of bad faith or other extraordinary circumstances to support an exception to *Younger*. *See Johnson*, 32 F.4th at 1099 (collecting cases holding that federal courts should abstain from considering speedy trial claims at the pretrial stage barring an independent showing of bad faith or other extraordinary circumstances).

As for double jeopardy, Petitioner argues he faces double jeopardy because "9 counts of lewd or lascivious battery do not pass the *Blockburger* test in that each count contain the same elements and are variants of the same . . . charge on the information." (Doc. 8 at 3). This is a "multiplicitous indictment" argument. *See United States v. Woods*, 684 F.3d 1045, 1060 (11th Cir. 2012) (noting an "indictment is

multiplicitous if it charges a single offense in more than one count" and "violates double jeopardy principles by giving the jury more than one opportunity to convict the defendant for the same offense"). And it should be made to the state trial court in the first instance as part of the pending criminal proceedings[4]—not to this Court in a collateral attack. *See DeBenedictis v. Wainwright*, 674 F.2d 841, 842-43 (11th Cir. 1982) ("The sufficiency of a state indictment or information is not properly the subject of federal habeas corpus relief unless the indictment or information is so deficient that the convicting court is deprived of jurisdiction."); *see also Jackson v. Booth*, 2021 WL 5232656, at *3 (M.D. Ala. Oct. 12, 2021) (abstaining under *Younger* and noting the petitioner "may raise claims attacking the evidence against him and his allegation of double jeopardy in the pending state court proceedings and, if unsuccessful at the trial level, on direct appeal before the state appellate courts"), *adopted*, 2021

---

[4] If the indictment is indeed multiplicitous, that defect can be cured by the trial court and is not fatal. *See United States v. Smith*, 591 F.2d 1105, 1108 (5th Cir. 1979) ("An indictment . . . charging the same offense in more than one count is multiplicitous, but this also is not fatal and does not require dismissal of indictment."); *see also United States v. Langford*, 2009 WL 10671369, at *5 (N.D. Ala. July 2, 2009) (explaining that a multiplicitous indictment can be cured "by requiring the government to elect which counts it will proceed upon before sending the case to the jury and/or not offering appropriate instructions to the jury").

WL 5227066 (M.D. Ala. Nov. 8, 2021); *Kyser v. Florida*, No. 3:09cv56, 2009 WL 762199, at *2 (N.D. Fla. Mar. 19, 2009) (same).

## III. Conclusion

For the reasons above, *Younger* abstention warrants dismissal of this case without prejudice. *See Jackson v. Georgia*, 273 F. App'x 812, 813-14 (11th Cir. 2008) (affirming *sua sponte* dismissal under *Younger* in a case challenging an ongoing state criminal prosecution).

## IV. Certificate of Appealability

When a § 2241 "petitioner's detention arises out of process issued by a State court, he must obtain a certificate of appealability to appeal." *Georgia v. Shafer*, 119 F.4th 1317, 1321 (11th Cir. 2024) (cleaned up). "To obtain a certificate, the petitioner must make 'a substantial showing of the denial of a constitutional right.'" *Id.* (quoting 28 U.S.C. § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck v. Davis*, 580 U.S. 100, 115 (2017) (cleaned up).

Here, Petitioner cannot make the requisite showing. Therefore, the undersigned recommends that the final order in this case deny Petitioner

a certificate of appealability. If Petitioner objects to this recommendation, then he may present argument on the issue by bringing it to the district judge's attention in his objections.

Accordingly, it is respectfully **RECOMMENDED** that:

1. The habeas petition filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED without prejudice** based on *Younger* abstention.

2. All pending motions be **DENIED as moot**.

3. A certificate of appealability be **DENIED**.

4. The Clerk of Court be instructed to close this case.

At Pensacola, Florida this 24th day of August 2026.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.